IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MMI REALTY SERVICES, INC., | ) | Civ. No. 07-00466 BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT |
| | ) | WESTCHESTER SURPLUS LINES |
| vs. | ) | INSURANCE COMPANY'S |
| | ) | MOTION TO EXCLUDE THE |
| WESTCHESTER SURPLUS LINES | ) | TESTIMONY OF JAMES |
| INSURANCE COMPANY, et al., | ) | HOLLAND |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT WESTCHESTER
SURPLUS LINES INSURANCE COMPANY'S MOTION TO
EXCLUDE THE TESTIMONY OF JAMES HOLLAND

Before the Court is Defendant Westchester Surplus Lines Insurance Company's (Westchester) Motion to Exclude the Expert Testimony of James Holland. The Court heard this motion on February 24, 2008. After careful consideration of the Motion, the supporting and opposing memoranda and the arguments of counsel, Westchester's Motion is DENIED.

BACKGROUND

Pursuant to a Rule 16(a)(2) scheduling order, Plaintiff MMI Realty Services (MMI) was required to disclose by October 6, 2008 "the identity and written report of any person who may be used at trial to present evidence under

rules 702, 703, or 705 of the Federal Rules of Evidence." MMI has offered the expert testimony of James Holland to support its theory of the case but did not disclose his identity as an expert until November 12, 2008.

In their timely reports, Westchester's experts, Dr. Douglas Daugherty and Eric Morgan, opine that MMI's clean up of the flood was excessive and incurred expenses that were unnecessary. In particular, they assert that work done to remove drywall that had soaked up flood water was unnecessary. Holland's report counters that, although Daugherty and Morgan's expert reports do not discuss the category of flood at issue, their assessment of the clean up was based on a category 1 flood involving uncontaminated water, whereas Holland believes the flood was a category 3 involving contaminated water. According to Holland, depending on whether the flood is category 1 or 3, the clean up procedures differ. He refers to Institution of Inspection, Cleaning and Restoration Certification (IICRC) guidelines and industry standards requiring the removal of drywall and other porous material in the event of a category 3 flood. Based on the guidelines, Holland opines that the flood clean up was proper and not excessive for a category 3 flood.

## DISCUSSION

Westchester claims that MMI's expert witness, James Holland, should not be allowed to testify and his expert report should be stricken because MMI's disclosure of Holland as an expert witness was untimely. Westchester acknowledges that MMI's disclosure would be timely if Holland's report rebuts its own expert's opinions, but argues that it is not rebuttal evidence. Specifically, Westchester argues that by discussing category 3 contaminated water and IICRC guidelines governing clean up procedures for a category 3 flood when neither of its experts raised these issues, Holland's report includes a separate and distinct analysis that cannot be considered rebuttal evidence. Westchester also contends it would be highly prejudicial to allow Holland to testify since its experts may not be fully qualified to respond to Holland's analysis concerning category 3 flood issues.

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure states that parties "must make [disclosures regarding expert testimony] at the times and in the sequence the court orders." In a rescheduling conference held on August 5, 2008, the court ordered MMI to disclose its experts by October 6, 2008 and Westchester to disclose its experts by November 5, 2008. The court's standard pretrial order also allowed MMI a thirty day period following Westchester's expert disclosures to submit any rebuttal expert reports.

MMI contends that Holland's report submitted on November 12, 2008 was timely because Holland's opinions rebut and undermine the opinions of Westchester's experts.

Rule 26(a)(2)(C) (ii) of the Federal Rules of Civil Procedure defines rebuttal evidence as "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party."  See also, Lindner v. Meadow Gold Dairies, Inc., 249 F.R.D. 625, 636 (D. Haw. 2008) (noting that expert reports "are proper rebuttal reports if they contradict or rebut the subject matter of the [opposing party's expert report]"). Under this rule, Holland is free to support his opinions with evidence not cited in Westchester's reports so long as he rebuts the "same subject matter" identified in those reports. See, Fed. R. Civ. P. 26(a)(2)(C)(ii).

Holland does cite to flood categories and guidelines not mentioned in Westchester's expert reports, but his opinions refute the Daugherty-Morgan analysis which concluded that MMI's remediation efforts were excessive. Although the industry guidelines Holland refers to were not mentioned in the Daugherty-Morgan analysis, the discussion of those guidelines and category 3 flood issues is the basis for Holland's rebuttal to Westchester's experts' conclusions.

## CONCLUSION

For the foregoing reasons, Westchester's Motion is DENIED. However, since Westchester did not know of MMI's reliance on the category 3 flood issues at the time it was required to identify experts, and further since its experts may not be qualified to address those issues, Westchester is given leave to identify an additional expert to address the category 3 flood issues in light of MMI's rebuttal report.

  IT IS SO ORDERED.

  DATED: Honolulu, Hawaii, March 10, 2009.



           /S/ Barry M. Kurren
          Barry M. Kurren
          United States Magistrate Judge

MMI Realty Servs., Inc. v. Westchester Surplus Lines Ins. Co., et al., Civ. No. 07-00466 BMK; ORDER DENYING DEFENDANT WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S MOTION TO EXCLUDE THE TESTIMONY OF JAMES HOLLAND.